```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARCIA COPELAND, | No. 1:18-cv-19 (NLH/KMW) |
|        Plaintiff, | **OPINION** |
|    v. | |
| US BANK, LAW FIRM OF GARY ZEITZ, LLC, CITY OF CAMDEN TAX OFFICE, and NAN FAMULAR, | |
|        Defendants. | |

**APPEARANCES**:

MARCIA COPELAND
2 APPLE RIDGE WAY
EAST BRUNSWICK, NJ 08816
    Appearing pro se

ROBIN LONDON-ZEITZ
GARY C. ZEITZ, LLC
1105 LAUREL OAK ROAD, SUITE 136
VOORHEES, NJ 08043
    On behalf of Defendants US Bank and Law Firm of Gary Zeitz, LLC

TIMOTHY J. GALANAUGH
CAMDEN CITY ATTORNEY OFFICE
CITY HALL
520 MARKET STREET
ROOM 420
CAMDEN, NJ 08101
    On behalf of Defendant City of Camden Tax Office

BRETT JOSEPH HAROLDSON
NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET ST
PO BOX 116
TRENTON, NJ 08625
    On behalf of Defendant Nan Famular

**HILLMAN**, District Judge

    This is one of many matters initiated by Plaintiff Marcia Copeland. This particular matter concerns Plaintiff's complaints stemming from state court foreclosure litigation. Before the Court are three motions to dismiss by Defendants US Bank,[1] the Law Firm of Gary Zeitz, LLC ("the Law Firm"), the City of Camden Tax Office ("the City of Camden"), and Nan Famular ("Judge Famular"), as well as six miscellaneous motions filed by Plaintiff. For the reasons that follow, the Court will grant the motions to dismiss, deny Plaintiff's motions as moot, and direct the Clerk of the Court to close this case.

**I.**

    Plaintiff's Complaint is largely based on a state court proceeding that resulted in the foreclosure of a property located at 451 Line Street in Camden, New Jersey. The Complaint focuses on how Plaintiff was allegedly "bypassed in the personal service of process" in the foreclosure proceeding and the foreclosure action itself and Judge Famular's orders were unlawful for various reasons.

    Plaintiff makes specific allegations directed at certain defendants. As to the City of Camden, Plaintiff alleges it

---

[1] Defendant US Bank represents it was incorrectly designated as US Bank and should have been named USBank Cust/PC5 Sterling National.

"den[ied] owners use of their building by allowing fraudulent charges to put the property beyond reach for redemption," "allow[ed] US Bank to bill foreclosure charges against statute," "falsely claim[ed] this building was abandoned," "facilitate[d] theft," "us[ed] boarding by MAS rentals as sign of abandonment while using the same method to secure their property against vandalism," and "[f]ailed to provide a 'legal bill.'"

As to the Law Firm, Plaintiff pleads it "[c]apitalized on the incompetence of the Chancery judge, Nan Famular," "[a]ttempted to obtain favorable foreclosure decision by circumventing Due Process," failed to "send proof of personal service," and "[e]ngag[ed] in unconstitutional practice[s]," such as "using a dead bird," "[u]se of boarding," and "waiting until the end of the week to take a week growth of grass" to "fraudulently claim abandonment." Plaintiff's Complaint also makes specific allegations as to Judge Famular, which this Court addresses below.

Prior to the filing of this action, Judge Famular entered a September 25, 2017 Order concluding that "the property located at 451 Line St, Camden, New Jersey, Block 209, Lot 43 is declared an abandoned property." Following initiation of this

federal action, the state court entered a March 20, 2018 Final Judgment in the foreclosure suit.[2]

Plaintiff's Complaint lists three causes of action: (1) "Amendment 4, 14, Due process," (2) "Theft (Bank Fraud)," and (3) "RICO" (the Racketeer Influenced and Corrupt Organizations Act). These causes of actions are asserted against four defendants: US Bank, the Law Firm, the City of Camden, and Judge Famular. Plaintiff asks for a variety of monetary relief, as well as for a declaration that Judge Famular's Order "lack[s] Due Process support."

Before the Court are nine pending motions: a January 23, 2018 Motion to Dismiss filed by US Bank and the Law Firm, a March 1, 2018 Motion to Dismiss filed by the City of Camden, an April 2, 2018 Motion to Dismiss filed by Judge Famular, and six miscellaneous motions filed by Plaintiff asking for a variety of relief.

## II.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims under the United States Constitution and under federal statutory law.

---

[2] "[R]ecords of the foreclosure action that are intrinsic to the complaint may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment." Farah v. LaSalle Bank Nat'l Ass'n, No. 15-2602, 2016 U.S. Dist. LEXIS 38721, at *16 (D.N.J. Mar. 23, 2016).

4

**III.**

The Court begins by dismissing the claims against Judge Famular based on judicial immunity.  Plaintiff pleads Judge Famular "[b]ypass[ed] constitutional practice to separate litigants from money without an opportunity to be heard," "[i]ncompetently and fraudulently attempted to steal property using the court to legalize the stolen loot," "[p]ropagat[ed] a culture of judges stealing from litigants misusing laws, legal proceedings," "[l]egaliz[ed] theft by allowing USB Bank to steal 451 Line Street using finding a dead bird, and an affixed board placed on the building door," "made a conscious decision to bypass constitutional laws and commit an act of treason against the court and Dr. Copeland," and "refused to conduct an appearance by phone."

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'"  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 520 U.S. 9, 9 (1991) (per curiam)).  "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."  Id.

> [A] judge's immunity from civil liability "is overcome in only two sets of circumstances.  First, a judge is not immune from liability for nonjudicial acts, i.e.,

5

>       actions not taken in the judge's judicial capacity.
>       Second, a judge is not immune for actions, though
>       judicial in nature, taken in the complete absence of all
>       jurisdiction."

Id. (quoting Mireles, 502 U.S. at 11-12).

It is clear to this Court that all allegations against Judge Famular in this case arise from actions taken in the Judge's judicial capacity.  There is no indication that any of those actions were taken "in the complete absence of all jurisdiction," and Plaintiff does not argue that to be the case.  Plaintiff's claims against Judge Famular cannot proceed in this litigation.[3]

Plaintiff's claims against the remaining defendants also cannot proceed, as they fail under Rule 12(b)(6) and Iqbal/Twombly.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41,

---

[3]   As the claims against Judge Famular will be dismissed on the basis of judicial immunity, the Court does not address Judge Famular's argument for dismissal under the Rooker-Feldman doctrine.

6

47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its

7

face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

The Supreme Court and the Third Circuit have instructed that "judges [are] to hold pro se complaints 'to less stringent standards than formal pleadings drafted by lawyers.'"  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Thus, courts "tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings."  Id.  Indeed, this is an "obligation" for district courts, "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (alteration in original) (quoting Tristman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)).  Just "because it is difficult to interpret a pro se litigants pleadings" does not mean "it is not necessary to do so."  Id.

Starting with the RICO claim,

> there are four basic elements that a plaintiff must show to prove any civil RICO action: (1) the existence of a RICO enterprise; (2) the existence of a pattern of racketeering activity; (3) a nexus between the defendant, the pattern of racketeering activity or the

8

>  RICO enterprise; and (4) resulting injury to the plaintiff's business or property.

Rosenberg v. JCA Assocs., No. 03-0274, 2007 U.S. Dist. LEXIS 23570, at *37 (D.N.J. Mar. 30, 2007).  Plaintiff has failed to make a showing on each of these elements, except perhaps an injury to property.  Plaintiff has not alleged the existence of a RICO enterprise or a pattern of racketeering activity.[4]  A RICO claim is completely unsupported by Plaintiff's Complaint.  Under Rule 12(b)(6), this claim must be dismissed.

As to Plaintiff's constitutional claims, Plaintiff appears to state a due process claim under the Fourth and Fourteenth Amendments.  Plaintiff does not clarify whether her Fourteenth Amendment claim is for substantive or procedural due process violations.  Regardless, Plaintiff fails to state a claim.

"To properly plead a substantive due process claim, a plaintiff must allege a deprivation of a protected property

---

[4]   Presumably, Plaintiff is alleging bank fraud is the predicate act for her RICO claim.  However, Plaintiff has not shown any type of pattern and further has not supported her allegation of bank fraud with factual support in her Complaint, although various documents filed with the Court show Plaintiff believes US Bank to be "a fairy-tale shell company."  For that reason, her standalone claim of bank fraud/theft must also be dismissed under Rule 12(b)(6).  The Court further notes that "bank fraud," as contemplated under the RICO statute, "occurs when someone defrauds the bank," and not where "the bank is the perpetrator of the fraud," St. Clair v. Citizens Fin. Grp., 340 F. App'x 62, 66 (3d Cir. 2009), which appears to be Plaintiff's allegation.

interest by government conduct that 'shocks the conscience.'" Toll Bros., Inc. v. Township of Moorestown, No. 10-4843, 2011 U.S. Dist. LEXIS 68788, at *24 (D.N.J. June 27, 2011).  "To plead a violation of procedural Due Process rights under the Fourteenth Amendment, a plaintiff 'must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process.'"  Strategic Envt'l Partners, LLC v. Bucco, 184 F. Supp. 3d 108, 127 (D.N.J. 2016) (quoting DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell, 53 F.3d 592, 597 (3d Cir. 1995)).  "To establish a Fourth Amendment due process violation, [a plaintiff] must show that the [government]'s actions were unreasonable; this involves a 'careful balancing of governmental and private interests.'" Bullard v. City of Philadelphia, 847 F. Supp. 2d 711, 720 (E.D. Pa. 2012) (quoting Soldal v. Cook County, 506 U.S. 56, 71 (1992)).

    Preliminarily, any deprivation under the Fourth and Fourteenth Amendments must be a result of government conduct. For that reason alone, a due process claim must fail as asserted against US Bank and the Law Firm.  See, e.g., McCleester v. Mackel, No. 06-120J, 2008 WL 821531, at *8 (W.D. Pa. 2008) ("[T]he Due Process . . . Clause[] of the Fourteenth Amendment

10

do[es] not apply to private entities.").[5]  As to substantive due process, while Plaintiff alleges a deprivation of property, Plaintiff has not pleaded facts to show any government conduct that is unreasonable or would shock the conscience.  Indeed, Plaintiff's connection of her alleged deprivation to the City of Camden is tenuous at best.  All of Plaintiff's allegations as to the City of Camden are vague and conclusory and appear to arise solely from its ability to assess and collect taxes.  The mere exercise of such power without more does not make out a plausible claim for relief.

As to procedural due process, it appears to the Court that any procedural due process claim would find its basis in her allegations regarding service of process in the state court action.  However, Plaintiff is not claiming an unconstitutional procedure, but rather is claiming she was not served in the state court action.  Given these facts, and given that the only defendant that a possible Fourth and Fourteenth Amendment claim can be made against is not connected to the service of process issue or has absolute immunity as a judicial officer, this claim must also be dismissed pursuant to Rule 12(b)(6).

The same goes for Plaintiff's allegations regarding the use

---

[5]   It is not entirely clear from Plaintiff's Complaint which claims are asserted against which defendants.  In the interest of completeness, the Court assumes all of Plaintiff's claims are asserted against all defendants.

11

of "a dead bird" and "boarding" to show abandonment, to the extent those allegations were intended to support a due process claim. Even giving the most liberal reading to Plaintiff's Complaint, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala, 704 F.3d at 245. Plaintiff has failed to do so here.

Accordingly, Plaintiff's Complaint will be dismissed in its entirety.[6] Finally, the Court is left with the question of whether to grant Plaintiff leave to amend.[7] The Court finds amendment would be futile for several reasons. First, Judge Famular is absolutely protected by judicial immunity. Second, Plaintiff's complaints regarding the foreclosure proceeding in no way indicate that a viable RICO or bank fraud claim could be sufficiently repleaded. Bank fraud is fraud against a bank not by a bank and Plaintiff alleges a single illegal foreclosure making an allegation of a RICO pattern impossible.

As to Plaintiff's constitutional claims, these are incurably deficient as to the private parties. While the City

---

[6] In light of the Court's disposition of the various motions, it need not address the Law Firm's argument for dismissal under the litigation privilege or the City of Camden's argument for dismissal under the Eleventh Amendment.

[7] The Third Circuit dictates that amendments should "be granted freely," stating a preference for decisions made "on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).

of Camden, on the other hand, may commit constitutional torts through its officers and employees, the gravamen of Plaintiff's Complaint focuses exclusively on the City's exercise of the legitimate power to tax and sell tax certificates.  In the end, Plaintiff, as her joinder of Judge Famular makes clear, seeks to use vague and conclusory allegations of malfeasance to mask her dissatisfaction with a state court proceeding where adequate remedies of appeal and other due process are no doubt available. Plaintiff will not be granted leave to amend what appears in all respects to be a frivolous and vexatious suit, and the Clerk of the Court will be directed to close this case.

    An appropriate Order will be entered.


Date:  August 30, 2018            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.